IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

03-80593

CASE NO:

CIV-HURLEY

MAGISTRATE JUDGE LYNCH

JAMES KEHOE, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

FIDELITY FEDERAL BANK
AND TRUST,

    Defendant.

_____/

## COMPLAINT-CLASS ACTION

Plaintiff, JAMES KEHOE, sues Defendant, FIDELITY FEDERAL BANK AND TRUST, and states:

1. This is a class action pursuant to the Driver Privacy Protection Act, 18 U.S.C. §2721 *et seq.* (the "DPPA"). Plaintiff brings this action on his own behalf and behalf of all similarly situated individuals whose "personal information" is contained in any "motor vehicle record" maintained by the State of Florida, within the meaning of the DPPA, 18 U.S.C. §2725(1) and (3), who have not provided "express consent," within the meaning of the DPPA, 18 U.S.C. §2725(5) to the State of Florida for the distribution of their "personal information" for purposes not enumerated by the DPPA, 18 U.S.C. §2721(b), and whose "personal information" has been knowingly "obtain[ed]" and used by the Defendant within the meaning of the DPPA, 18 U.S.C. §2724.

2. Plaintiff is a resident of the Southern District of Florida and holder of a Florida driver's license, which constitutes a "motor vehicle operator's permit,"



referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Florida, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Florida driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

3.    This action arises under a federal statute and this Court has jurisdiction pursuant to 18 U.S.C. §2724(a) (conferring jurisdiction on the United States District Courts for actions under the DPPA) and 28 U.S.C. §1331 (federal question jurisdiction).

4.    Venue is appropriate in this District because Plaintiff is a resident of this District and Defendant conducts business within the Southern District of Florida.

5.    The DPPA was included as part of omnibus crime legislation passed by Congress in 1993, known as the Violent Crime Control and Law Enforcement Act of 1993. Senator Boxer, one of the DPPA's Senate sponsors, described several well-publicized incidents in which criminals had used publicly available motor vehicle records to identify and stalk their victims. Those incidents included:

   a.   the murder of actress Rebecca Schaeffer in California by a man who had obtained Schaeffer's address from California's Department of Motor Vehicles;

   b.   home invasion robberies by a gang of Iowa teenagers who identified their victims by copying the license numbers of expensive automobiles and used those license numbers to obtain the addresses of the vehicle owners from the Iowa Department of Transportation; and

PATHMAN LEWIS, LLP • ONE BISCAYNE TOWER, SUITE 2400 • 2 SOUTH BISCAYNE BOULEVARD • MIAMI, FL 33131

  c. the Arizona murder of a woman whose home address was identified from the Arizona Department of Motor Vehicles.

Senator Boxer also explained the ease with which a California stalker had obtained the addresses of young women by copying their license numbers and requesting their addresses from the California Department of Motor Vehicles.

  6. As Senator Boxer explained, prior to the time of the passage of the DPPA, in "34 States, someone [could] walk into a State Motor Vehicle Department with your license plate number and a few dollars and walk out with your name and home address."

  7. Representative Moran, who sponsored the DPPA in the House of Representatives, explained that "very few Americans realize that by registering their car or obtaining a driver's license through the DMV, they are surrendering their personal and private information to anyone who wants to obtain it. When informed that such information can be so easily obtained, most licensees are shocked and angry. According to a survey released by the National Association to Protect Individual Rights, 92 percent of Americans believe that the DMV should not sell or release personal data about them without their knowledge and approval."

  8. As originally enacted in 1993, the DPPA made it unlawful for any person or organization to disclose or obtain personal information derived from any motor vehicle record, unless the subject of the information had authorized such disclosure or the request/disclosure qualified under a recognized exception, including use by any federal or state agency, use in connection with motor vehicle and driver safety, use in court proceedings, use in certain research

3

activities, use relating to certain insurance matters, and use for verification of personal information submitted by the subject of such information. Use of personal information for marketing activities was permitted, so long as the States had provided individuals identified in motor vehicle records with the opportunity to prohibit such disclosures. This "opt out" provision effectively gave individuals the right to prohibit the States from disclosing personal information for marketing purposes. 18 U.S.C. §2721 (1993).

9. Congress significantly amended the DPPA in 1999 by eliminating the "opt out" provision for marketing activities. Use or obtaining of personal information contained in motor vehicle records for "surveys, marketing or solicitations" is now permitted only "if the State has obtained the express consent of the person to whom such personal information pertains." Similarly, a requester of personal information may obtain such information for any purpose, "if the requester demonstrates it has obtained the express consent of the person to whom such personal information pertains." 18 U.S.C. §2721(b)(13), (14) (1999). By changing the "opt out" exceptions of the 1993 DPPA to "opt in" exceptions in the 1999 DPPA, Congress significantly reduced the categories of persons whose personal information may be lawfully obtained under the Act. *See Reno v. Condon*, 120 S.Ct. 666, 669 (2000) (upholding the constitutionality of the DPPA) (States may no longer "imply consent from a driver's failure to take advantage of a state-afforded opportunity to block disclosure, but must rather obtain a driver's affirmative consent to disclose the driver's personal information" for restricted

PATHMAN LEWIS, LLP • ONE BISCAYNE TOWER, SUITE 2400 • 2 SOUTH BISCAYNE BOULEVARD • MIAMI, FL 33131

purposes.). The effective date of the 1999 amendments to the DPPA was June 1, 2000.

10. Florida law does not conform to the requirements of the 1999 amendments to the DPPA. Contrary to the DPPA's requirements that drivers "opt in" before the State can disclose their personal information for marketing or solicitation, Florida still permits disclosure of personal information unless drivers formally request that the State's Department of Highway Safety and Motor Vehicles ("DHSMV") to refrain from doing so. Sec. 119.07(3)(aa)(12), Fla. Stat.

11. Under the DPPA, a "person" who knowingly obtains or discloses "personal information" concerning another from a "motor vehicle record . . . shall be liable to the individual to whom the information pertains." 18 U.S.C. §2724(b). The DPPA provides for liquidated damages in the amount of $2,500.00 for each violation of the DPPA, in addition to punitive damages upon a showing of a willful or reckless disregard of the law, reasonable attorney's fees and costs and other relief, including preliminary and equitable relief. 18 U.S.C. §2724(b). A "person" under the DPPA is defined as "an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. §2721(2)

12. Defendant, Fidelity Federal Bank and Trust is a bank that offers personal and business deposits, lending, insurance and trust services within the Southern District of Florida.

13. After the effective date of the 1999 amendment to the DPPA (June 1, 2000), the Defendant unlawfully obtained "personal information" of individuals from the Florida "motor vehicle records" in violation of the DPPA.

14. Upon information and belief, Defendant obtained numerous lists of motor vehicle titles containing "personal information" from Florida "motor vehicle records" in violation of the DPPA.

15. Defendant's violations of the DPPA have been committed "knowingly," within the meaning of the DPPA 18 U.S.C. §2724(b). In the context of the DPPA, to act knowingly is to act with knowledge of the facts that constitute the offense. *See, e.g., Bryan v. United States*, 524 U.S. 184, 193, 118 S.Ct. 1939, 1946 (1998) ("[U]nless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense."). Defendant knows that it obtained personal information pertaining to individuals from Florida motor vehicle records.

16. The information obtained by the Defendant from "motor vehicle records" constitutes "personal information" within the meaning of the DPPA, 18 U.S.C. §2725(3). Defendant's obtaining and/or using such information is unauthorized by the DPPA and unlawful. Each record of personal information knowingly obtained from motor vehicle records is a separate and distinct violation of the DPPA, remediable under the DPPA, 18 U.S.C. §2724.

## CLASS ACTION ALLEGATIONS

17. Pursuant to Fed. R. Civ. P. 23(b)(3) and Local Rule 23.1(2), Plaintiff brings this action on behalf of himself, and all others similarly situated, as representatives of the following class (the "Class"):

> Each and every individual in the State of Florida whose name, address, driver identification number, race, date of birth, sex and/or social security number are contained in motor vehicle records obtained by the Defendant from the State of Florida's Department of Highway Safety

6

and Motor Vehicles, without the express consent of such individuals, from June 1, 2000, through the date of judgment herein.

Excluded from the class are persons who have expressly authorized the State of Florida's DHSMV to provide third parties with their "personal information" for any purpose.

18. The requirements of Fed. R. Civ. P. 23 are met in this case. The Class, as defined, is so numerous that joinder of all members is impracticable.

19. There are questions of fact and law common to the Class as defined, which common questions predominate over any questions affecting only individual members. The common questions include:

   a. whether Defendant obtained and/or improperly used "personal information" from the "motor vehicle records" of members of the Class, within the meaning of the DPPA, 18 U.S.C. §2725(3), (1);

   b. whether Defendant's obtaining and use of "personal information" from the "motor vehicle records" of members of the Class was done knowingly, within the meaning of the DPPA, 18 U.S.C. §2724(a).

20. Plaintiff can and will fairly and adequately represent and protect the interests of the Class as defined and has no interests that conflict with the interests of the Class. This is so because:

   a. All of the questions of law and fact regarding the liability of the Defendant are common to the class and predominate over any individual issues that may exist, such that by prevailing on his own claims, Plaintiff will necessarily establish the liability of the Defendant to all class members;

   b. Without the representation provided by Plaintiff, it is unlikely that any class members would receive legal representation to obtain the remedies specified by the DPPA;

    c. A remedy available under the DPPA is the liquidated sum of $2,500, which Plaintiff intends to seek for all members of the Class; and

    d. Plaintiff has retained competent attorneys who are experienced in the conduct of class actions. Plaintiffs and their counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the class members and are determined to diligently discharge those duties to obtain the best possible recovery for the Class.

21. All class members have the same legal rights under the DPPA. Defendant's violations of the DPPA have affected numerous Florida motor vehicle owners and lessees in a similar way. The class action is superior to any other method for remedying Defendant's violations of the DPPA given that common questions of fact and law predominate and the liquidated damage provisions of the DPPA make the remedy available to class members identical. Class treatment is likewise indicated to ensure optimal compensation for the Class and limiting the expense and judicial resources associated with thousands of potential claims.

22. Defendant's knowingly obtained "personal information," pertaining to Plaintiffs and the members of the Class from "motor vehicle records" maintained by the State of Florida DHSMV, in violation of the DPPA. 18 U.S.C. §2721 *et seq.* Defendant's obtaining and use of this "personal information" was not for a purpose authorized by the DPPA.

23. Pursuant to the DPPA, 18 U.S.C. §2724(a), Defendant is liable for knowingly obtaining "personal information" pertaining to Plaintiffs and the members of the Class from "motor vehicle records," in violation of the DPPA.

PATHMAN LEWIS, LLP • ONE BISCAYNE TOWER, SUITE 2400 • 2 SOUTH BISCAYNE BOULEVARD • MIAMI, FL 33131

24. Plaintiff and the members of the Class are entitled to liquidated damages in the amount of $2,500.00 for each instance in which the Defendant violated the DPPA.

WHEREFORE, Plaintiff demands judgment on his behalf and on behalf of the other members of the Class to the following effect:

a. declaring that this action may be maintained as a class action;

b. granting judgment in favor of Plaintiff and the other members of the Class against the Defendant in the amount of $2,500.00 for each instance in which the Defendant obtained or used personal information concerning the Plaintiff and members of the Class;

c. punitive damages should the Court find that the Defendant acted in willful or reckless disregard of the DPPA;

d. attorney's fees and costs incurred; and

e. requiring the Defendant to destroy any personal information illegally obtained from motor vehicle records.

f. such other relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

PATHMAN LEWIS LLP
Attorneys for Plaintiff
One South Biscayne Tower
2 S. Biscayne Blvd.
Miami, Florida 33131
Telephone (305) 379-2425
Facsimile (305) 379-2420

By: _____
ROGER SLADE
Fla. Bar No.: 0041319
MARK GOLDSTEIN
Fla. Bar No.: 882186

g:\clients2\pathman lewis\pathman lewis - class action\pldg\fidelity class action.doc

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET  03-80593

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
JAMES KEHOE, on behalf of himself and all others similarly situated,

**DEFENDANTS**
FIDELITY FEDERAL BANK AND TRUST   CIV-HURLEY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)
Palm Beach County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.
PALM BEACH COUNTY

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Roger Slade, Esq., c/o Pathman Lewis, LLP
One Biscayne Tower, Suite 2400
Two So. Biscayne Blvd., Miami, FL 33131 (305) 379-2425

ATTORNEYS (IF KNOWN)
UNKNOWN

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH,) MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury – Product Liability | | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

18 U.S.C. §2721 et seq.   Violations of Dealer Privacy Protection Act.

LENGTH OF TRIAL
via _____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☒ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY
JUDGE _____   DOCKET NUMBER _____

DATE  6/30/03

SIGNATURE OF ATTORNEY OF RECORD

$150.00  885177

**FOR OFFICE USE ONLY**

07/01/03

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____