UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES KEHOE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIDELITY FEDERAL BANK AND TRUST,<br><br>Defendant. | CASE No. 03-80593<br><br>Judge Daniel T.K. Hurley |
| TIMOTHY NEILSEN and TIMOTHY G. MARTIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIDELITY FEDERAL BANK AND TRUST,<br><br>Defendant. | CASE No. 06-80557<br><br>Judge Daniel T.K. Hurley |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

The Court having considered the Settlement Agreement dated as of July 21, 2006 (the "Settlement Agreement"); a class having been conditionally certified by Order dated July 31, 2006, consisting of all persons who meet all of the following criteria: (i) whose personal information was provided by the State of Florida Department of Highway Safety and Motor Vehicles (the "DHSMV") to Fidelity Federal Bank and Trust between May 1, 2000 and September 30, 2003; (ii) who are not nor have they been employed by Fidelity Federal Bank and Trust or any of its subsidiaries, parents or affiliates at any time since May 1, 2000; and (iii) who are not members of the federal judiciary or within the third degree of relationship to a member of the federal judiciary, or the spouses of such persons (such persons, the "Plaintiff Class"); the Motion for Final Approval of Class Action Settlement having been heard; a hearing having been held on December 7, 2006, for the purpose of determining whether the terms of the settlement reflected in the Settlement Agreement are fair, reasonable and adequate to the Class; members of

the Class having been given the opportunity to be heard; having received and considered any objections and written materials; and heard and considered oral presentations concerning the Settlement Agreement; and upon all papers and proceedings had in this action, and in support thereof states and orders as follows:

1. All capitalized terms used herein shall have the same meaning as those terms in the Settlement Agreement previously approved by the Court.

2. There are currently pending in these actions, claims by James Kehoe, and by Timothy Neilsen and Timothy G. Martin (collectively "Plaintiffs"), who assert claims against Defendant Fidelity Federal Bank and Trust ("Fidelity" or "Defendant"), for among other things, violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725, seeking damages and injunctive relief, on their own behalf and on behalf of a class of persons similarly situated, as a result of Fidelity's allegedly obtaining, disclosing or using for unauthorized purposes certain personal information of the Plaintiff Class contained in their motor vehicle driving records maintained with the DHSMV.

3. Fidelity disputes each and every one of Plaintiffs' claims and denies any liability with respect to these actions, but consents to entry of this Final Judgment and Order of Dismissal only for purposes of settlement.

NOW THEREFORE, after due deliberation, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action, the Plaintiffs, the Plaintiff Class and Fidelity. The Motion for Final Approval of Class Action Settlement is GRANTED.

2. This Court finally certifies the following Class for purposes of settlement under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3):

All persons who meet all of the following criteria:

(i) whose personal information was provided by the DHSMV to Fidelity between May 1, 2000 and September 30, 2003;

(ii) who are not and have not been employed by Fidelity or any of its subsidiaries, parents (or their subsidiaries) or affiliates at any time since May 1, 2000; and

      (iii)  who are not members of the federal judiciary or within the third degree of relationship to a member of the federal judiciary, or the spouses of such persons.

3. The proposed settlement of this action is in its entirety, and all releases, including its release of all claims on the terms set forth in the Settlement Agreement, are in all respects, fair, reasonable and adequate to the Plaintiff Class and in the best interests of the Plaintiff Class and should be approved. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the Parties. The relief to Class Members contemplated by the Settlement Agreement constitutes a common benefit to the Class which is substantial, appropriate and ascertainable.

4. The notification provided for in the order preliminarily approving class settlement has been provided to the Plaintiff Class and publication of the summary notice in various newpapers, constitutes the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law. The Notice apprised the members of the Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief available under the Settlement Agreement and steps necessary to obtain the relief; of the *res judicata* effect on members of the Class and of their opportunity to exclude themselves from, object to, or comment on the settlement; of the identity of Class Counsel and of information necessary to contact Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Class to participate in this Fairness Hearing. Accordingly, the Court determines that all members of the Class are bound by this Order and by the final judgment to be entered pursuant thereto in accordance with the terms provided herein.

5. The Settlement Agreement and the terms of the settlement set forth therein, including the releases, are hereby approved and shall be consummated by the Parties in accordance with the terms and provisions of the Settlement Agreement. The benefits and relief contemplated by the Settlement Agreement, and the provisions and commitments of the Parties under the terms of the Settlement Agreement, constitute fair value given in exchange for the releases of Settled Claims by Class Members against the Released Persons as those terms are defined in the Settlement Agreement. The distribution of relief to Claimants shall proceed as set forth in the Settlement Agreement.

6. Any and all objections to the Settlement Agreement are hereby overruled.

7. This action, and all claims alleged therein, are dismissed on the merits and with prejudice to the Plaintiffs and all members of the Plaintiff Class (except those who have excluded themselves, as reflected on the list maintained by the Claims Administrator, copies of which have been provided to the parties), and this dismissal shall be without costs to any party.

8. Neither this Judgment nor the Settlement Agreement, nor any of its terms or provisions nor any of the negotiations or proceedings connected with it, shall be: (1) construed as an admission or concession by Fidelity of the truth of any of the allegations in the Complaint, or of any liability, fault, or wrongdoing of any kind; or (2) construed as an admission by the Plaintiffs or Plaintiff Class as to any lack of merit of the claims or this action.

9. As of the date of this Judgment and Order of Dismissal, the Plaintiffs and all members of the Plaintiff Class (except those who have excluded themselves), and all persons in privity with them and all persons acting in concert or participation with them, either directly or indirectly, representatively or in any capacity, are hereby permanently barred and enjoined from commencing, prosecuting, or participating in the recovery of any direct or representative action or any action in any other capacity, asserting or relating to any of the Settled Claims against the Released Persons in this or any other forum.

10. Plaintiffs and any members of the Plaintiff Class (except those who have excluded themselves), pursuant to the Settlement Agreement and Notice of Class Action Settlement, are and shall be bound by the Release set forth in Sections 7(a) and (b) of the Settlement Agreement, regardless of whether any such person submitted a claim, and shall be restrained and enjoined in accordance with Paragraph 9 of this Judgment and Order.

11. As of the date of this Judgment and Order of Dismissal, the Plaintiffs and all members of the Plaintiff Class (excluding those who have excluded themselves), and all persons in privity with them and all persons acting in concert or participation with them, either directly or indirectly, representatively or in any capacity, are hereby permanently barred and enjoined from commencing, prosecuting, or participating in the recovery of any direct or representative action or any action in any other capacity, asserting or relating to any of the Data Released Claims, against the Data Released Persons in this or any other forum.

12. Plaintiffs and members of the Plaintiff Class (excluding those who have excluded themselves) pursuant to the Settlement Agreement and Notice of Class Action

Settlement are and shall be bound by the Release set forth in Section 7(d) of the Settlement Agreement, and shall be restrained and enjoined in accordance with Paragraph 11 of this Judgment and Order.

13. Neither the Parties, Released Persons, the Settlement Administrator or their agents, employees, attorneys or any one acting on their behalf, have violated federal or state law, including the DPPA, in any way in obtaining, using or disclosing the data that the DHSMV provided to the Bank between May 1, 2000 and September 30, 2003 or the data obtained from the DHSMV during discovery proceedings in the Litigation, to implement the terms of the Settlement Agreement.

14. The Bank has sufficiently certified to Plaintiffs' Counsel that it did not keep or maintain any data obtained from motor vehicle records which the DHSMV provided to the Bank between May 1, 2000 and September 30, 2003.

15. The Bank shall not disclose any data obtained from motor vehicle records which the DHSMV provided to the Bank between May 1, 2000 and September 30, 2003.

16. The Bank shall not sell any data obtained from the motor vehicle records which the DHSMV provided to the Bank between May 1, 2000 and September 30, 2003.

17. The Bank has sufficiently certified to Plaintiffs' Counsel that it and its agents and contractors have destroyed all Class Member records obtained from DHSMV or certify that it no longer has any such records in its possession. The Bank will agree to a privacy audit with respect to Class Member records provided to the Bank by DHSMV, and will use its best efforts to assist in the effort to conduct a privacy audit of its contractor. The total audit costs, which shall be included in the Administrative Expenses, shall not exceed $25,000.

18. The parties have complied with the requirements of the Class Action Fairness Act.

19. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the Plaintiffs, the Plaintiff Class and Fidelity for purposes of interpretation, enforcement and implementation of the Settlement Agreement and over the administration and distribution of settlement benefits.

20. The Court approves the payment of an incentive award to plaintiff James Kehoe in the amount of $10,000.00, to plaintiff Timothy Neilsen in the amount of $3,000.00, and to plaintiff Timothy G. Martin in the amount of $3,000.00, for their participation as a class

representatives in these Cases, which sums will be paid in accordance with the terms of the Settlement Agreement.

21. The Court approves the award of $10,000,000.00 in full and final payment of and for any and all attorney's fees of Plaintiffs' Counsel and $120,000.00 in full and final payment of all Plaintiffs' costs and other litigation expenses, including any and all attorneys' fees and/or expenses to which Plaintiffs or Plaintiffs' Counsel may claim that they are entitled to under any statute or rule or common law or their work in connection with the claims being resolved by this Settlement. Payment of such amount by Defendant shall be in accordance with the terms of the Settlement Agreement. The Court retains jurisdiction over the award of such fees and expenses and the allocation thereof among and between Plaintiffs' Counsel.

22. The Clerk of Court is ordered to enter this Judgment forthwith.

**DONE AND ENTERED** at _West Palm Beach_ this _7th_ day of _Dec._, 2006.

_Daniel T.K. Hurley_
Judge Daniel T.K. Hurley
U.S. District Court
Southern District of Florida